UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Adrian Marion Smith, #331894,<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Eric Holder, Attorney General of the United States of America;<br>State of Georgia Circuit Judge Annis;<br>State of South Carolina SCDC Director Bill Byars,<br><br>　　　　　　　　　　Defendants. | C/A No. 3:11-748-MBS-JRM<br><br>**REPORT AND RECOMMENDATION** |

Adrian Marion Smith ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 and several statutes related to habeas corpus.[1] Plaintiff is an inmate at Allendale Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges that Defendants have violated his civil rights, and he seeks injunctive relief. The Complaint should be dismissed for failure to state a claim on which relief may be granted and immunity.

<u>Review pursuant to the Prison Litigation Reform Act (PLRA)</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court,

*Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff's Complaint is somewhat rambling and repetitive, and this Court attempts to summarize Plaintiff's allegations herein. Plaintiff filed this civil action which he alleges is a combination of a civil rights action pursuant to 42 U.S.C. § 1983 and a habeas action pursuant to 28 U.S.C. §§ 2241, 2254, and 1651. Plaintiff sues the United States Attorney General Eric Holder, State of Georgia Circuit Judge Annis, and the SCDC Director Bill Byars. Plaintiff alleges that the United States Attorney General, with his team of pardon attorneys, advises the President of the United States about whether to grant pardon requests. Plaintiff appears to allege that his request for a pardon was denied or not considered, and Plaintiff alleges that "there are grounds for reconsideration." Plaintiff alleges that, "any bad or ineffective advice given by United States Attorney General Eric Holder pertaining to Petitioner's pardon applications should be expressly overruled by the executive magistrate Barack Obama." As to Defendant Georgia Circuit Judge Annis, Plaintiff alleges that while he is serving a six-year sentence in SCDC a detainer has been placed by the State of Georgia upon Plaintiff. Specifically, Plaintiff alleges that, "Georgia State Circuit Judge Annis lodged detainer GA 3043304L case: 2003 CR 917 data; warrant; indictment and information against Adrian Marion Smith." Plaintiff alleges that, "[a]dditional facts have come to light in this case that are grounds and compelling reasons for the quashing and dismissal of unlawful detainer (from Georgia)...." Plaintiff appears to sue Defendant SCDC Director Byars in order to

seek release from SCDC.  Plaintiff also appears to allege that Defendants conspired to deprive him of his civil rights. Plaintiff requests that the United States Attorney General should be directed to expunge his criminal record.  Plaintiff seeks release from SCDC, and Plaintiff seeks dismissal of the pending charges against him in Georgia based on alleged unconstitutional delay, government misconduct, entrapment, prosecutorial misconduct, ineffective assistance of counsel, and undue bias and prejudice by the State of Georgia.  Plaintiff does not seem to seek money damages.  Plaintiff alleges that he has attempted to exhaust administrative and other remedies.

A review of SCDC public records reveals that Plaintiff is serving a six-year sentence for a burglary conviction.  *See* South Carolina Department of Corrections, http://www.doc.sc.gov/index.jsp (follow "research," then follow "SCDC Inmate Search," then "Search for Incarcerated Inmate," using the SCDC ID number 331894) (last visited May 11, 2011).[2] Plaintiff does not provide any information about the status of any direct appeal or application for post-conviction relief that he may have pending in the South Carolina state courts related to his burglary conviction and sentence.  A review of this Court's case records indicates that Plaintiff has not filed a habeas corpus action pursuant to § 2254 in this Court.[3]

---

[2] The Court may take judicial notice of factual information located in postings on government websites. *See Williams v. Long*, 585 F.Supp.2d 679, 687-88 (D. Md. 2008) (noting that some courts have found postings on government websites as inherently authentic or self-authenticating).

[3] It is appropriate for this District Court to take judicial notice of Plaintiff's prior cases. *See Aloe Creme Lab., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (noting that the District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time).  *See also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

Discussion

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). However, release from prison is not available in a civil rights action.[4] *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"). *Cf. Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973) (attacking the length of duration of confinement is within the core of habeas corpus). Plaintiff seems to sue Defendant Byars for release from SCDC. Thus, Plaintiff fails to state a claim on which relief may be granted as to Defendant Byars.

Plaintiff attempts to bring a claim for a conspiracy by Defendants to violate Plaintiff's civil rights. However, the undersigned cannot glean any factual allegations about an alleged conspiracy among Defendants. Although this Court must liberally construe the *pro se* Complaint and Plaintiff

---

[4] To the extent Plaintiff indicates a desire for habeas relief pursuant to 28 U.S.C. § 2254, the Clerk of Court is directed, in a separate Order entered this same day, to mail to Plaintiff a blank form AO 241, petition for writ of habeas corpus under 28 U.S.C. § 2254.

is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). *See also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *Skinner v. Switzer*, 131 S.Ct. 1289 (2011) (holding that a complaint requires a plausible short and plain statement of a claim, not an exposition of a plaintiff's legal argument). Here, it appears that Plaintiff did not plead any factual allegations about a conspiracy among Defendants so the Complaint fails to state a claim upon which relief may be granted.

Defendant Annis is alleged to be a Georgia Circuit Judge. Judges have absolute immunity from a claim for damages arising out of their judicial actions unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit against two Virginia magistrates); and *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). "Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). "'This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction.'" *Id.* (citation omitted). State and federal judges are also immune to requests for injunctive relief. *See Gilbert v. Ferry*, 298 F.Supp.2d

6

606, 612 (E.D. Mich. 2003), *aff'd* 401 F.3d 411 (6th Cir. 2005); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000). *See also* 42 U.S.C. § 1983 (limiting when injunctive relief may be granted against a judicial officer). Immunity presents a threshold question. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Absolute immunity is "an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Defendant Annis's alleged involvement with lodging a detainer against Plaintiff in South Carolina so that Plaintiff will be brought to Georgia to face criminal charges would have been performed as part of his or her normal judicial functions. Judge Annis's actions about which Plaintiff complains are not alleged to have been taken in the clear absence of all jurisdiction. Thus, Defendant Annis should be summarily dismissed based on immunity.

Moreover, although the United States Constitution gives the President of the United States the power to pardon, the power relates to crimes against the United States. *See generally, Herrera v. Collins*, 506 U.S. 390, 412-14 (1993) (describing history of clemency related to the United States and the several States). Plaintiff's crime for which he is incarcerated appears to have been a violation of South Carolina law. Thus, it follows that the United States President would not have clemency power over Plaintiff's case. Regardless, if this Court has jurisdiction to review a § 1983 claim related to a clemency proceeding, the substance of the clemency decision cannot be reviewed because it is an act of mercy. *See Duvall v. Keating*, 162 F.3d 1058, 1061 (10th Cir. 1998). Therefore, Plaintiff's claims against the Attorney General fail to state a claim on which relief may be granted.

Lastly, Plaintiff cannot bring a challenge in this Court to the Georgia detainer lodged against him. If Plaintiff seeks to challenge a Georgia detainer lodged against him, he may file a 28 U.S.C.

7

§ 2241 petition in Georgia. *See Braden v. 30th Judicial Circuit Ct. of Kentucky*, 410 U.S. 484 (1973) (a § 2241 is properly filed in the district court against the state who filed the detainer).

## Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

May 23, 2011                                      Joseph R. McCrorey
Columbia, South Carolina                          United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).