IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Adrian Marion Smith, ) | |
| ) | C/A No. 3:11-0748-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Eric Holder, Attorney General of the ) | |
| United States of America; State of Georgia ) | |
| Circuit Judge Annis; State of South ) | |
| Carolina SCDC Director Bill Byars, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

At the time of filing the complaint, Plaintiff Adrian Marion Smith was an inmate in custody of the South Carolina Department of Corrections (SCDC). On March 30, 2011, Plaintiff, proceeding pro se, filed a complaint contending that Defendants have violated his civil rights. Specifically, Plaintiff contends that (1) Defendant Attorney General Eric Holder erred in not advising President Barak Obama to grant Plaintiff a pardon; (2) Defendant Judge Annis placed an unlawful detainer against Plaintiff; and (3) Defendant Director Byars is detaining him unlawfully. Plaintiff further appears to allege that Defendants have conspired to deprive him of his civil rights. Plaintiff seeks expungement of his criminal record, dismissal of charges pending against him in Georgia, and release from SCDC. Plaintiff does not appear to seek monetary damages.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act of 1996. On May 24, 2011, the Magistrate Judge filed a Report and Recommendation in which he noted that (1) Plaintiff has not pleaded any factual allegations to support a conspiracy among Defendants; (2) Defendant Annis, as a Georgia Circuit Judge, is entitled

to absolute immunity from claims arising out of his judicial actions unless he acts in the clear absence of all jurisdiction; (3) the President lacks clemency power over Plaintiff's state law crimes, and thus Plaintiff's claims against Defendant Holder fail to state a claim on which relief may be granted; and (4) Plaintiff's remedy with respect to the detainer lodged against him is to file a petition in Georgia pursuant to 28 U.S.C. § 2241. Accordingly, the Magistrate Judge recommended that the complaint be dismissed without prejudice and without issuance and service of process. Plaintiff filed objections to the Report and Recommendation on June 2, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court may accept, reject, or modify, in whole or in part, the Report and Recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

As an initial matter, it appears that Plaintiff no longer is housed at SCDC. Therefore, any claims seeking injunctive relief are moot. See, e.g., Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009). As to Plaintiff's objections, Plaintiff restates the allegations of his complaint, recites portions of the Report and Recommendation verbatim, sets forth case law, and contends that the Magistrate Judge committed legal errors. The district court need not conduct a de novo review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982). Nevertheless, the court has thoroughly examined the record. Plaintiffs objections are without merit.

The court adopts the Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is summarily dismissed without prejudice and without issuance and service of

process.  Plaintiffs motions of default judgment as to all Defendants (ECF No. 17, 18) are **denied**.  Defendants have not been served with the complaint; therefore, they are not in default.  See Fed. R. Civ. P. 12(a)(1)(A)(i) (a defendant must serve an answer within 21 days after being served with the summons and complaint).  Plaintiff's motion for a writ of mandamus (ECF No. 19) is **denied as moot**.

      **IT IS SO ORDERED**.

                                            /s/ Margaret B. Seymour  
                                            Chief United States District Judge

Columbia, South Carolina

January 26, 2012

**NOTICE OF RIGHT TO APPEAL**  
**Plaintiff is hereby notified of the right to appeal this order**  
**pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**